Amanda Rindal, *Sui Juris*
c/o 2576 North 54th Street
Milwaukee, Wisconsin [53210]
cutco.amanda@gmail.com



# UNITED STATES DISTRICT COURT  23-C-1228

# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Amanda Rindal, *Sui Juris* ) | Case No.: |
| ) | |
| Plaintiff, ) | **VERIFIED COMPLAINT FOR** |
| vs. ) | **VIOLATIONS OF THE FAIR DEBT** |
| ) | **COLLECTION PRACTICES ACT, 15 USC** |
| GURSTEL LAW FIRM, P.C., CHAD F. ) | **§1692 *et. seq.*,** |
| KOWALEWSKI, AMY M. GOLTZ, ) | |
| BETHANY A. GROSS, and CRISTIAN B. ) | **TORTIOUS INDUCEMENT, INVASION** |
| MIRANDA, ) | **OF PRIVACY, 42 USC § 1983** |
| ) | |
| Defendants. ) | **REQUEST FOR TEMPORARY** |
| ) | **INJUNCTION** |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |

Plaintiff, Amanda Rindal, *Sui Juris,* hereinafter known as Plaintiff, brings this

complaint against Defendants GURSTEL LAW FIRM, P.C., Chad F. Kowalewski, Amy

M. Goltz, Bethany A. Gross, and Cristian B. Miranda, hereinafter known collectively as

"Defendants" unless otherwise specified, seeking an order from the Honorable Court for

a temporary injunction against all Defendants for the reasons herein stated, and for

damages due for violations of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 *et*

*seq.*, deprivation of rights under color of law, tortious inducement, and invasion of Plaintiff's privacy and right to privacy.

## PRELIMINARY STATEMENT FDCPA

1.   The Fair Debt Collection Practices Act, or "FDCPA", is an Act of Congress and also identified as Public Law 95-109, September 20, 1977, for purposes of regulating the behavior of debt collectors and collection agencies attempting to collect a debt on behalf of another. The United States Congress has found an abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, to the loss of jobs and to invasion of privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent and uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(f).

2.   As a strict liability statute, the FDCPA provides for actual or statutory damages upon the showing of one violation. The federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service*, Inc. 869 F.2d 122, 1227 (9th Cir. 1988). The basic purpose of the least-sophisticated-consumer standard is to

ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This

standard is consistent with the norms that courts have traditionally applied in

consumer-protection law. More than fifty years ago, the Supreme Court noted that,

[t]he fact that a false statement may be obviously false to those who are trained and

experienced does not change its character, nor take away its power to deceive others

less experienced. There is no duty resting upon a citizen to suspect the honesty of

those with whom he transacts business. Laws are made to protect the trusting as well

as the suspicious. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir.1993) (quoting

*Federal Trade Commission v. Standard Education Society*, 302 U.S. 112, 116, 58 S.

Ct. 113, 115, 82 L. Ed. 141 (1937)).

3.      Furthermore, the FDCPA does not ordinarily require proof of an intentional

violation. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939,

948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to

support liability. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232,

1238 (5th Cir. 1997). Although the Federal Trade Commission ("FTC") is empowered

to enforce the FDCPA, 15 U.S.C. § 1692l, aggrieved individuals are also authorized to

bring suit under this statute. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978

(9th Cir. 2008)(noting that the FDCPA is a fee shifting statute to encourage private

enforcement of the law).

4.      The FDCPA was enacted to protect consumers from abusive, deceptive and unfair

debt collection practices, and to ensure that non-abusive debt collectors would not be

competitively disadvantaged. 15 U.S.C. § 1692d-f. To establish a violation of the

FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target

of collection activity must be a "consumer" as defined in § 1692a(3); (2) the

defendant collecting the debt must be a "debt collector" as defined in § 1692a(6); and

(3) the defendant must have engaged in any act or omission in violation of the

FDCPA. In evaluating alleged violations of the Act, the Fourth Circuit generally

applies the objective "least sophisticated consumer" standard.[1] In adopting this

standard, the Court of Appeals for the Fourth Circuit stated:

> "The basic purpose of the least-sophisticated-consumer standard is to ensure
> that the FDCPA protects all consumers, the gullible as well as the shrewd.
> This standard is consistent with the norms that courts have traditionally
> applied in consumer-protection law ... While protecting naive consumers, the
> standard also prevents liability for bizarre or idiosyncratic interpretations of
> collection notices by preserving a quotient of reasonableness and presuming a
> basic level of understanding and willingness to read with care."

5.      Under the validation of debt requirements described at 15 U.S.C. 1692g(b),

Congress chose to use the the term, "verification", as one of the required forms of

validation of a proposed debt if a consumer disputes a debt alleged to be owed

another. While not specifically defined in the FDCPA, "verification" is clearly and

unambiguously defined in numerous law dictionaries and publications to have the

same, or similar description as elements commonly found in an affidavit, meaning a

sworn statement signed under oath and the penalty of perjury. For example, Black's

Law Dictionary, 7th Edition (1999), defines verification as "A formal declaration made

---

[1]    *U.S. v. National Fin. Servs., Inc., 98 F.3d 131, 135-36 (4th Cir. 1996).*

in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." And, in Black's Law Dictionary, 6th Edition, verification is defined in part as "Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition .... In accounting, the process of substantiating entries in books of account." Even Merriam-Webster's definition of verification describes the term as "a sworn statement of truth or correctness".

6.     Furthermore, the Supreme Court has held that: A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. *Burns v. Alcala,* 420 U. S. 575, 420 U. S. 580-581 (1975), and in SEBELIUS v. CLOER, 133 S.Ct. 1886 (2013), the court stated "Our "inquiry ceases [in a statutory construction case] if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002) (internal quotation marks omitted)."

7.     Defendants' ongoing acts and conduct while attempting to collect an unverified debt from Plaintiff violates the FDCPA and also constitutes tortious (fraudulent) inducement.

8.     Plaintiff is, and has been damaged by Defendants by their acts and conduct, specifically by Defendants' use of a threat to induce Plaintiff to participate in a legislative court for Defendants' debt collection activity, Defendants' false representations of the character, amount, or legal status of a proposed debt, and by

Defendants' harassment and abuse by initiating the legislative court action under false pretenses and misleading representations, and by Defendants' obtaining information about Plaintiff under false, deceptive or misleading representations.

## TORTIOUS INDUCEMENT AND INVASION OF PRIVACY

9.    Defendants are ignoring Plaintiff's right to refuse Defendants' implied contract and are proceeding against Plaintiff in a legislative [state] court, in the absence of an express or implied contract between the parties[2].

10.    Defendants are using a threat, trickery, undue influence and coercion[3] to induce Plaintiff into an express or implied contract with Defendants and the legislative [state] court.  As such, Defendants have, and are forcing Plaintiff to perform while under duress to avoid or prevent an action which threatens seizure of Plaintiff's property, or right to property.

11.    Plaintiff has demanded Defendants prove up Defendants' express authority to represent a third-party in the legislative [state] court, and proof of Plaintiff's express waiver of private and sensitive information in favor of Defendants, and proof of Plaintiff's express written consent in favor of Defendants to use private information of Plaintiff for Defendants' commercial and personal enrichment, however, Defendants

---

[2] *See Uniform Commercial Code, 2-207(2)(c), and 3-501-(b)(3)(ii).*

[3] **fraud in the inducement**.  Fraud occurring when a misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved; an intentional misrepresentation of a material risk or duty reasonably relied on, thereby injuring the other party without vitiating the contract itself, esp. about a fact relating to value. — Also termed fraud in the procurement. Cf. fraud in the factum.  *Black's Law 8th Ed.*

have only resisted and failed to respond to Plaintiff, and in doing so, admit to having

none of the aforementioned authorities[4]. And, in the absence of said authorities,

Defendants' conduct and acts against Plaintiff through the use of the legislative [state]

court, are subjecting Plaintiff to forced labor[5] without renumeration, otherwise known

as involuntary servitude and peonage[6].

12.     Defendants' acts and conduct constitutes an invasion of Plaintiff's privacy and

disclosure of Plaintiff's private information without Plaintiff's express or implied

consent.  Defendants have never shown Plaintiff any authority in Defendants'

possession to obtain, possess, or disclose, Plaintiff's private business transactions with

others, or Plaintiff's personal information, however, Defendants are using a public

---

[4] *"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." **United States v. Tweel, 550 F. 2d 297 - Court of Appeals, 5th Circuit 1977***

[5] **Forced labor 18 U.S. Code § 1589.** under subsection (a)Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—
(1)by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
(2)by means of serious harm or threats of serious harm to that person or another person;
(3)by means of the abuse or threatened abuse of law or legal process; or
(4)by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
shall be punished as provided under subsection (d).
**(c)(1) *The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.***

[6] **What is PEONAGE?**  The state or condition of a peou as above defined; a condition of enforced servitude, by which the servitor is restrained of his liberty and compelled to labor in liquidation of some debt or obligation, real or pretended, against his will. Peonage Cases (D. C.) 123 Fed. 071; In re Lewis (C. C.) 114 Fed. 903 ; U. S. v. McClel- lan (D. C.) 127 Fed. 971; Rev. St. U. S.

venue to knowingly and willfully disclose private business and information of the Plaintiff. Such acts can only be construed as Defendants' intent to publicly embarrass, humiliate or damage the creditworthiness of Plaintiff for purposes of Defendants' financial gain and profit.

13. Defendants' conduct and actions are forcing Plaintiff to incur unnecessary expenses and use of Plaintiff's finite resources to respond to Defendants numerous attempts to create a commercial or contractual relationship with Plaintiff. Plaintiff has the right to be let alone[7], however, Defendants acts and conduct can only be interpreted to be the use of strong-arm tactics to force a transfer of Plaintiff's property to Defendants.

14. Plaintiff has the right to refuse any business relationship due to an act of fraud, mistake, or undue influence, or one that requires Plaintiff to act against Plaintiff's will and while under duress. Plaintiff has no desire to have property taken from Plaintiff by an act of fraud, or a legitimate mistake.

15. Defendants have a duty to properly obtain authorities and permissions, as well as conduct proper due diligence, including an investigation, prior to commencing any action, however, Defendants have only shown to be negligent and act as if they are above the law.

---

[7] **42 U.S.C. §1983**, "The makers of the Constitution conferred the most comprehensive of rights and the right most valued by all civilized men—**the right to be let alone**" *[Justice Louis D. Brandeis (1856-1941)]*

16.	The right to privacy is the ability of an individual to keep their personal information and private life out of the public domain. The principle of privacy is essential to human dignity and the protection of our autonomy, dignity, and personal identity.

17.	The right to privacy is also a fundamental human right. In the United States, the Fourth Amendment to the Constitution protects citizens from unreasonable searches and seizures by the government. This has been interpreted by the courts to include the right to privacy. Defendants have disregarded Plaintiff's right to privacy by instead willfully disclosing Plaintiff's private information with the government or legislative [state] court, and without the consent of Plaintiff, thereby broadly and publicly sharing sensitive information of Plaintiff, to Plaintiff's detriment and without Plaintiff's consent.

18.	There are four branches of the privacy invasion tort identified by the Restatement (Second) of Torts. These are: (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) a public disclosure of private facts; and (4) publicity which reasonably places another in a false light before the public. Plaintiffs' complaint includes claims under all four branches.

## JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

19.	Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

20.	All conditions precedent to the bringing of this action have been performed.

21.     Venue in this District is proper pursuant to 28 U.S.C. §1391(b), 15 U.S.C. §1692, and 42 U.S.C. § 1983 as Plaintiff resides here, Defendant engages in and transacts business here, and all of the conduct and events complained of occurred here.

22.     Plaintiff respectfully demands a trial by jury.

## CIVIL LIABILITY-RIGHT OF REMEDY

23.     15 U.S.C. §1692k(a)(1) and (a)(2)(A) state that "…any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure; in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

24.     42 U.S.C. § 1983 states in part that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…".

## PARTIES

25.     Plaintiff Amanda Rindal, a natural person, is an adult individual who resides in Milwaukee County, Wisconsin.

26.     Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

27.    Plaintiff is informed and believes, and thereon alleges that Defendant GURSTEL

LAW FIRM, P.C. , hereinafter known as "Gurstel", or "Gurstel Law Firm, P.C.", is a legal

entity or corporation, and regularly conducts business in the state of Wisconsin, with a

principal office located at 6681 Country Club Drive, Golden Valley, MN 55427, USA.

Gurstel also has several offices in several other states.

28.    Plaintiff is informed and believes, and thereon alleges that Defendant Chad F.

Kowalweski, hereinafter, Kowalewski, is an individual, and regularly conducts business

from Gurstel Law Firm, P.C.'s business office located at 622 N. Water Street, Milwaukee,

Wisconsin, 53202, USA.

29.    Plaintiff is informed and believes, and thereon alleges that Defendant Amy M.

Goltz, hereinafter known as "Goltz", is an individual, and regularly conducts business

from Gurstel Law Firm, P.C.'s business office located at 622 N. Water Street, Milwaukee,

Wisconsin, 53202, USA.

30.    Plaintiff is informed and believes, and thereon alleges that Defendant Bethany A.

Gross, hereinafter known as "Gross", is an individual, and regularly conducts business

from Gurstel Law Firm, P.C.'s business office located at 622 N. Water Street, Milwaukee,

Wisconsin, 53202, USA.

31.    Plaintiff is informed and believes, and thereon alleges that Defendant Cristian B.

Miranda, hereinafter, Miranda, is an individual, and regularly conducts business from

Gurstel Law Firm, P.C.'s business office located at 622 N. Water Street, Milwaukee,

Wisconsin, 53202, USA.

32.     Defendants are debt collectors as described at 15 U.S.C. §1692a(6), who, at all

relevant times engaged in the business of attempting to collect a "debt" from Plaintiff by

use of mail, as defined by 15 U.S.C. §1692a(5).

33.     Defendants regularly collect or attempt to collect, directly or indirectly, debts

owed or asserted to be owed or due another that arose out of transactions in which the

money, property or services which are the subject of the transactions are primarily for

personal, family or household purposes.

34.     Wherever this complaint alleges that Gurstel Law Firm, P.C., did any act or thing,

it is meant that it, its principals, attorneys, directors, officers, agents, employees, or

representatives performed or participated in such act or thing, and in each instance that

such act or thing was authorized or ratified by, and done on behalf of and under direct

control of Defendant Gurstel Law Firm, P.C..

35.     Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and

any future amended Complaint. Further, Plaintiff alleges that each act alleged herein,

whether or not known to each Defendant, was expressly authorized or ratified in concert

by all the Defendants.

## FACTUAL ALLEGATIONS

36.     On or about March 11, 2023, Plaintiff received correspondence [solicitation] by an

unidentified individual or agent associated with, or acting for Defendant GURSTEL

LAW FIRM, P.C., dated March 9, 2023, attempting to collect a[n] [alleged] debt.

37.     Said correspondence [solicitation] states "Gurstel Law Firm, P.C. is a debt collector.", and, "We will use any information you give us to help collect the [alleged] debt.".

38.     On or about March 13, 2023, Plaintiff refused and returned Defendant Gurstel's correspondence [offer], marked "REFUSED FOR CAUSE, NO CONTRACT, NO CONSENT".

39.     On or about March 29, 2023, Plaintiff received additional correspondence [solicitation] from Defendants Gurstel Law Firm, P.C., and Gross, which states "Enclosed please find verification of the above-referenced file."[8].

40.     On or about March 31, 2023, Plaintiff returned Defendant Gurstel and Gross' correspondence [offer], marked "REFUSED FOR CAUSE, NO CONTRACT, NO CONSENT".

41.     On or about June 26, 2023, all Defendants, acting as "Attorneys for Plaintiff", caused Plaintiff to be served a summons, complaint and Declaration of Nonmilitary Service, whereby all Defendants state "I, the undersigned, declare that I am the plaintiff's/petitioner's attorney in this case.".  Said summons includes a statement that states "You must appear at the time and place stated.", and "If you do not appear or answer, the plaintiff may win the case and a judgment for what the plaintiff is asking.".

---

[8]**Verification**, n. 1. A formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. ... *"Black's Law Dictionary, 7th Edition (1999).* Verification requires "Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition .... In accounting, the process of substantiating entries in books of account." *(Black's Law Dictionary, Sixth Edition*).

Said complaint also asserts numerous unverifiable claims and includes an exhibit which discloses private and sensitive information of Plaintiff (withheld for privacy). See "**EXHIBIT A**".

42.     On or about June 26, 2023, Plaintiff promptly refuses Defendants' summons, complaint, and Declaration of Nonmilitary Service, marked, "REFUSED FOR CAUSE, NO CONTRACT, NO CONSENT", and includes correspondence rescinding Plaintiff's signature provided to a courier while Plaintiff was under duress. See "**EXHIBIT B**". (Partially withheld for privacy).

43.     On or about July 7, 2023, Plaintiff received a "Notice of Hearing" from the legislative [state] court, with a [proposed] scheduled return [hearing] date of July 19, 2023.

44.     On July 11, 2023, Plaintiff sent Defendants Plaintiff's initial notice and demand. See "**EXHIBIT C**".

45.     On July 19, 2023, while placed under threat and duress that failure to attend or appear at a schedule hearing could result in seizure of Plaintiff's property, or right to property, Plaintiff made an appearance.

46.     During the hearing of July 19, 2023, Plaintiff requested that Defendant Gurstel and Goltz produce a power of attorney for all Defendants to act on or behalf of the proposed plaintiff in the legislative [state] court, however, Goltz failed to produce the requested power of attorney.

47.     On July 25, 2023, Plaintiff sent Defendants a second notice and demand,

however, Defendants failed to respond to Plaintiff's second notice and demand.  See

"**EXHIBIT D**".

48.     On  September 14, 2023, Plaintiff sent Defendants a notice of default and demand

to cease and desist for Defendants' failure to produce Defendants' [conflicting]

presumptive authorities.  See "**EXHIBIT E**".


**CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692d, NON-COMPLIANCE BY ALL DEFENDANTS**

49.     Plaintiff re-alleges and incorporates by reference each and every allegation

contained in paragraphs 1 – 46, and Exhibits A - E, as though fully set forth herein.

50.     As defined in the FDCPA, Plaintiff is a consumer, and Defendants are debt

collectors attempting to collect an alleged debt.

51.     Since receiving Plaintiff's refusal to accept Defendants' solicitation for an express

or implied contract and attempt to collect an alleged debt, dated March 9, 2023, and

without verification of any [principal-agent] authority from the [proposed] plaintiff in the

legislative [state] action, Defendants have repeatedly ignored Plaintiff's refusals and

demands to be left alone.

52.     As such, all Defendants have violated the FDCPA at 15 U.S.C. § 1692d, which

states in part:

**15 USC 1692d**

**§ 806.  Harassment or abuse**

*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

a)   Adjudging that all Defendants' conduct violates 15 U.S.C. §1692d;

b)   Issue an Order or temporary injunction to Defendants to immediately cease further collection activity of the unverified debt;

c)   Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1000 from each Defendant for each violation of 15 U.S.C. §1692d;

d)   Awarding Plaintiff any fees and costs incurred in this action;

e)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e, NON-COMPLIANCE DEFENDANTS GURSTEL AND GROSS

53.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 46, and Exhibits A - E, as though fully set forth herein.

54.   As defined in the FDCPA, Plaintiff is a consumer, and Defendants are debt collectors attempting to collect an alleged debt.

55.     Following receipt of Plaintiff's refusal to accept Defendants' solicitation and

attempt to collect an alleged debt, dated March 9, 2023, Defendants Gurstel and Gross

caused Plaintiff to be sent an additional solicitation, dated March 27, 2023, which

includes the states, "Enclosed please find verification of the above-referenced file",

however, no verification was found because Defendants Gurstel and Gross failed to

include an affidavit, or other instrument signed under penalty of perjury as proof of

verification. As such, Defendants Gurstel and Gross have violated the FDCPA at 15

U.S.C. § 1692e, which states in part:

**15 USC 1692e**

**§ 807. False or misleading representations**

*A debt collector may not use any false, deceptive or misleading
representation or means in connection with the collection of any debt.*

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

a)      Adjudging that all Defendants Gurstel and Gross' conduct violates 15

        U.S.C. §1692e;

b)      Issue an Order or temporary injunction to Defendants to immediately cease

        collection activity of the unverified debt;

c)      Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the

        amount of $1000 from each Defendant for each violation of 15 U.S.C.

        §1692e;

d)      Awarding Plaintiff any fees and costs incurred in this action;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e, NON-COMPLIANCE BY ALL DEFENDANTS

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 46, and Exhibits A - E, as though fully set forth herein.

57. As defined in the FDCPA, Plaintiff is a consumer, and Defendants are debt collectors attempting to collect an alleged debt.

58. Following receipt of Plaintiff's numerous refusals to accept Defendants' numerous solicitations [attempts to collect an alleged debt], all Defendants were named in Defendants' Declaration of Nonmilitary Service, (see "**EXHIBIT B**") which includes a statement, "I, the undersigned, declare that I am the plaintiff's/petitioner's attorney in this case.".

59. However, following Plaintiff's numerous challenges to Defendants to produce evidence of stated [agent-principal] authorities (Exhibits C, D & E), all Defendants fail to produce any verification of a valid agency-principal relationship, or power of attorney, with the [proposed] plaintiff in the legislative [state] court, and there is no evidence to the contrary.

60. By their acts and conduct, Defendants have threatened to take an action that cannot be legally taken or that is not intended to be taken, while falsely portraying an agency-principal relationship in the absence of an express authority of the principal, and

without Plaintiff's express or implied consent, thereby violating the FDCPA at 15 U.S.C.

§ 1692e, which states in part:

**15 USC 1692e**

**§ 807.  False or misleading representations**

*A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

a)      Adjudging that all Defendants' conduct violates 15 U.S.C. §1692e;

b)      Issue an Order or temporary injunction to Defendants to immediately cease collection activity of the unverified debt;

c)      Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1000 from each Defendant for each violation of 15 U.S.C. §1692e;

d)      Awarding Plaintiff any fees and costs incurred in this action;

e)      Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e, NON-COMPLIANCE BY ALL DEFENDANTS

61.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 46, and Exhibits A - E, as though fully set forth herein.

62.     As defined in the FDCPA, Plaintiff is a consumer, and Defendants are debt collectors attempting to collect an alleged debt.

63.     Following receipt of Plaintiff's numerous refusals to accept Defendants' numerous solicitations [attempts to collect an alleged debt], all Defendants were named in Defendants' Declaration of Nonmilitary Service, (see "**EXHIBIT B**") which includes a statement, "I, the undersigned, declare that I am the plaintiff's/petitioner's attorney in this case.".

64.     However, following Plaintiff's challenge to produce evidence of alleged authorities, all Defendants fail to produce any verification of a valid agency-principal relationship, or power of attorney, with the [proposed] plaintiff in the legislative [state] court, and there is no evidence to the contrary.

65.     Furthermore, despite Plaintiff's numerous requests to produce Defendants' authority to obtain, possess, or disclose Plaintiff's private information, Defendants have repeatedly failed to produce any evidence thereof, as such, Defendants are using false representations or deceptive means to collect information about Plaintiff.

66.     Therefore, all Defendants have violated the FDCPA at 15 U.S.C. § 1692e, which states in part:

**15 USC 1692e**

**§ 807.  False or misleading representations**

*A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

a)    Adjudging that all Defendants' conduct violates 15 U.S.C. §1692e;

b)    Issue an Order or temporary injunction to Defendants to immediately cease collection activity of the unverified debt;

c)    Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1000 from each Defendant for each violation of 15 U.S.C. §1692e;

d)    Awarding Plaintiff any fees and costs incurred in this action;

e)    Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**TORT OF UNREASONABLE INTRUSION OF PLAINTIFF'S PRIVACY, MISAPPROPRIATION OF A NAME FOR COMMERCIAL GAIN, PUBLIC DISCLOSURE OF PRIVATE FACTS, and PUBLICITY WHICH PLACES PLAINTIFF IN A FALSE LIGHT BEFORE THE PUBLIC, BY ALL DEFENDANTS**

67.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 46, and Exhibits A - E, as though fully set forth herein.

68.     Prior to initiating contact with Plaintiff, Defendants never obtained Plaintiff's express written consent or authorization, to obtain, possess, or disclose Plaintiff's private information.

69.     And, despite Plaintiff's numerous requests to Defendants to produce evidence of Plaintiff's express written consent to obtain, possess, or disclose Plaintiff's private information, Defendants have only ignored Plaintiff's demands as if Defendants have no requirement or duty to produce said consent or authorization.

70.     As such, Defendants conduct and acts demonstrate an unreasonable intrusion upon the seclusion and privacy of Plaintiff.

71.     Furthermore, Defendants never obtained Plaintiff's express written consent or authorization, to use Plaintiff's name for commercial gain.

72.     Defendants, without Plaintiff's consent, are currently using Plaintiff's name for commercial gain, and while under the false presumption that Defendants are authorized to act for, or on behalf of another party.

73.     And, Defendants, without ever obtaining the consent of Plaintiff, publicly disclosed private and sensitive information of Plaintiff in a public venue [the legislative [state] court].

74.     Defendants' unauthorized use of Plaintiff's private and sensitive information in a public venue, without verification of a valid agency-principal relationship with the [proposed] plaintiff, reasonably places Plaintiff in a false light before the public.

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

      a)     Adjudging that all Defendants' conduct and acts of obtaining, possessing and disclosing Plaintiff's private information, without the consent of Plaintiff, is an unreasonable intrusion upon the seclusion and privacy of Plaintiff;

      b)     Issue an Order to Defendants to destroy Plaintiff's private information from all of Defendants' records;

      c)     Award Plaintiff punitive or general damages in the amount of $5000 from each Defendant for violating Plaintiff's right to privacy;

      d)     Awarding Plaintiff any fees and costs incurred in this action;

      e)     Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## FRAUD IN THE INDUCEMENT BY ALL DEFENDANTS

75.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 46, and Exhibits A - E, as though fully set forth herein.

76. Without a verifiable and valid agency-principal relationship with the proposed plaintiff in the legislative [state] court action, or the right to obtain, possess, or disclose Plaintiff's private and sensitive information, or the right to use Plaintiff's name for commercial gain, Defendants are using trickery to induce Plaintiff into involuntary servitude and forced labor, under threat that Plaintiff's failure to participate in said action could result in judgment, and subsequently lead to seizure of Plaintiff's private property, or right(s) to property, and at all times while Defendants lack any authority to take such action, or proof of a valid claim.

77. Such acts constitute forced labor, therefore subjecting Plaintiff to a place of peonage and involuntary servitude, which are strictly prohibited by federal law and the 14th Amendment.

78. Defendants have had plenty of opportunity to demonstrate good faith and present proof of their authorities, however, Defendants ignore Plaintiff's reasonable requests and demands, as if Defendants are above the law, or acting within their right.

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

      a)      Adjudging that all Defendants' conduct and acts constitute fraud in the inducement and forced labor;

      b)      Issue an Order to Defendants to immediately cease and desist further action in the legislative [state] court, with the exception of withdrawing the action;

c)      Award Plaintiff punitive or general damages in the amount of $5000

from each Defendant for infringement of Plaintiff's right to be left alone

and abuse of process;

d)      Awarding Plaintiff any fees and costs incurred in this action;

e)      Awarding such other and further relief as the Court may deem just

and proper.


Respectfully submitted,

Dated: _9/18/23_

CHRISTOPHER ZILLMER
Notary Public
State of Wisconsin

09/18/2023

Amanda Rindal, *Sui Juris*

My commision
expires 10/11/2024

# AFFIDAVIT

Wisconsin state )
)ss.
Milwaukee County )

      I, Amanda Rindal, have read the foregoing Complaint and know its contents. I am the Plaintiff, party to this action, and am authorized to make this affidavit. I have firsthand knowledge as to the matters stated in the foregoing document as true, certain, correct and not misleading, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true, certain, correct and not misleading.

      I declare under penalty of perjury under the laws of Wisconsin that the foregoing is true, correct.

CHRISTOPHER ZILLMER
Notary Public
State of Wisconsin

Amanda Rindal, *Sui Juris*

9/18/23
AR

09/18/2023

My commision
expires 10/11/2024